Cite as: 589 U. S. \_\_\_\_ (2020) 1

# SUPREME COURT OF THE UNITED STATES

## ARIZONA *v.* CALIFORNIA

ON MOTION FOR LEAVE TO FILE A BILL OF COMPLAINT

No. 150, Orig.   Decided February 24, 2020

The motion for leave to file a bill of complaint is denied.

JUSTICE THOMAS, with whom JUSTICE ALITO joins, dissenting from denial of motion for leave to file complaint.

Today the Court denies Arizona leave to file a complaint against California. Although we have discretion to decline review in other kinds of cases, see 28 U. S. C. §§1254(1), 1257(a), we likely do not have discretion to decline review in cases within our original jurisdiction that arise between two or more States.

The Constitution establishes our original jurisdiction in mandatory terms. Article III states that, "[i]n all Cases . . . in which a State shall be [a] Party, the supreme Court *shall* have original Jurisdiction." §2, cl. 2 (emphasis added). In this circumstance, "[w]e have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Cohens* v. *Virginia*, 6 Wheat. 264, 404 (1821) (Marshall, C. J., for the Court).

Our original jurisdiction in suits between two States is also "exclusive." §1251(a). As I have previously explained, "[i]f this Court does not exercise jurisdiction over a controversy between two States, then the complaining State has no judicial forum in which to seek relief." *Nebraska* v. *Colorado*, 577 U. S. \_\_\_, \_\_\_ (2016) (opinion dissenting from denial of motion for leave to file complaint) (slip op., at 2). Denying leave to file in a case between two or more States is thus not only textually suspect, but also inequitable.

The Court has provided scant justification for reading "shall" to mean "may." It has invoked its "increasing duties with the appellate docket," *Arizona* v. *New Mexico*, 425

U. S. 794, 797 (1976) (*per curiam*) (internal quotation marks omitted), and its "structur[e] . . . as an appellate tribunal," *Ohio* v. *Wyandotte Chemicals Corp.*, 401 U. S. 493, 498 (1971). But the Court has failed to provide any analysis of the Constitution's text to justify our discretionary approach.

Although I have applied this Court's precedents in the past, see *Wyoming* v. *Oklahoma*, 502 U. S. 437, 474, n. (1992) (dissenting opinion), I have since come to question those decisions, see *Nebraska*, *supra,* at ___ (dissenting opinion) (slip op., at 3). Arizona invites us to reconsider our discretionary approach, and I would do so. I respectfully dissent from the denial of leave to file a complaint.